**Kwie Ha NG, Petitioner,**

v.

**Alberto GONZALES,\* Attorney General, Respondent.**

No. 03–72596.

Agency No. A77–844–986.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 15, 2005.\*\*

Decided Feb. 17, 2005.

Robert G. Ryan, Esq., Law Offices of Eugene C. Wong, PC, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, and David Dauenheimer, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before D.W. NELSON, W. FLETCHER, and FISHER, Circuit Judges.

MEMORANDUM \*\*\*

Petitioner Kwie Ha Ng, an Indonesian native of Chinese ethnicity, seeks review of

---

\* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the

a decision by the Immigration Judge ("IJ") denying withholding of removal under the Immigration and Nationality Act ("INA") § 241(b)(3)(A); 8 U.S.C. § 1231(b)(3)(A). The Board of Immigration Appeals ("BIA") affirmed the IJ's decision without opinion; we therefore review the IJ's decision as the final agency determination. *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 851 (9th Cir.2003). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition for review.

Ng seeks review only of the IJ's denial of withholding of removal, conceding that her asylum claim is pretermitted by her delayed filing. We review the IJ's determination under the substantial evidence standard. *Singh v. INS*, 134 F.3d 962, 971 n.16 (9th Cir.1998). In order to obtain mandatory withholding of removal, "the alien [must] demonstrate[ ] 'a clear probability of persecution' by showing that it is 'more likely than not that the alien will be persecuted if deported.'" *Singh*, 134 F.3d at 971 (quoting *Ghaly v. INS*, 58 F.3d 1425, 1429 (9th Cir.1995)). Although "ethnic Chinese are significantly disfavored in Indonesia," *Sael v. Ashcroft*, 386 F.3d 922, 927 (9th Cir.2004), this fact alone is insufficient to mandate withholding of removal.[1] Substantial evidence supports the IJ's finding that Ng did not establish a "personal connection to the general persecution" suffered by ethnic Chinese in Indonesia, unlike the petitioner in *Sael. Id.* at 927–929 (quoting *Hartooni v. INS*, 21 F.3d 336, 341 (9th Cir.1994)). Ng testified to some harassment of her family in 1965, but she also testified that she remained in Indonesia without incident until 1983. This level of past mistreatment is insuffi-

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *Sael* presented an asylum claim, not a claim for withholding of removal. 386 F.3d at 930 n. 10.

cient to establish mandatory withholding of removal. Substantial evidence supports the IJ's determination that Ng did not face a likelihood of persecution if she returned to Indonesia, and thus the IJ's decision to deny withholding of removal was correct.

PETITION DENIED.